MCWILLIAMS, Circuit Judge,
concurring in part, dissenting in part.
I agree with that part of the majority opinion which holds that the district court did not err in denying the defendant’s motion to suppress. I dissent from that part of the majority opinion which holds that the evidence is legally insufficient to support the jury’s verdict that the defendant knowingly and intentionally aided and abetted others in possessing marijuana with an intent to distribute.
At the conclusion of the government’s case, the defendant moved for a judgment of acquittal. The district court denied that motion and defense counsel rested his case, calling no witnesses. So, this is not a case that involves conflicting testimony. Rather, the question is whether the government’s evidence is legally sufficient to support the jury’s guilty verdict. I believe it is.
The majority opinion fairly and accurately summarizes the government’s evidence. As the majority opinion states, when Agent Villa and Deputy Umphries arrived at the Taylor Mill, they “discovered footprints, which Agent Villa testified matched those of Leos-Quijada, and tire tracks which matched those of the Jeep Cherokee that Leos-Quijada was driving. Agent Villa testified that the footprints and tire tracks indicated that Leos-Quijada had been in the Jeep Cherokee which the confidential informant had seen parked at Taylor Mill and that Leos-Quijada had exited the vehicle and stood near the vehicle_” Further, as the majority opinion notes, the Taylor Mill was located in a desolate area in Southern New Mexico about 15 miles from the boundary between the United States and Mexico. So, the jury could well conclude that the defendant, Leos-Quijada, was at the so-called “scene of the crime” and was there at about 6:50 a.m! Moments later, and not too many miles away from Taylor Mill, Leos-Quijada, driving the Jeep Cherokee, was stopped by officers. The majority opinion fully recites what occurred at that time, itemizing the conflicting and sometimes inherently improbable statements made by Leos-Quijada and his companion. The foregoing, in my view, supports the prosecutor’s theory of the case, namely that Leos-Quijada and his companion had gone to the Taylor Mill area at 6:50 a.m. to pick up a load of marijuana and were scared off by the officers’ confidential informant who was surveying the scene with field glasses about an eighth to a quarter mile away.
In short, the majority opinion convinces me that there is sufficient evidence to support the jury’s verdict.